UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONNIE M. MCCROSSIN, Individually and as Personal Representative of the Estate of JOHN L. MCCROSSIN,<br><br>Plaintiff,<br><br>v.<br><br>**IMO INDUSTRIES, INC.**, individually and as successor-in-interest to DE LAVAL TURBINE, INC.;<br>**LOCKHEED SHIPBUILDING COMPANY**;<br>**LONE STAR INDUSTRIES, INC.**, individually and as successor-in-interest to PIONEER SAND & GRAVEL COMPANY;<br>**UNION CARBIDE CORPORATION**; and<br>**FRASER'S BOILER SERVICE, INC.**,<br><br>Defendants. | CASE NO. 3:14-cv-05382-RJB<br><br>ORDER DENYING LOCKHEED SHIPBUILDING COMPANY'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendant Lockheed Shipbuilding Company's ("Lockheed") Motion for Reconsideration of Order Denying Motion for Summary Judgment. Dkt. 222. The Court has considered the motion and the file herein.

On February 11, 2015, this Court denied Lockheed's motion for a summary judgment on the basis that genuine issues of material fact exist in this case precluding a summary judgment for Lockheed. Dkt. 214. On February 25, 2015, Lockheed filed a motion for reconsideration. Dkt. 222. The Court should conclude that Lockheed's motion lacks merit.

## SUMMARY OF LOCKHEED'S ARGUMENT

Although Lockheed acknowledges that motions for reconsideration are disfavored, Lockheed argues that this motion "presents unique circumstances owing to the importance of maintaining uniformity in maritime law" because this Court's order conflicts with precedent. Dkt. 222. Specifically, Lockheed argues that, in the cases addressed below, Judge Robreno with the Eastern District of Pennsylvania has found that, absent personal knowledge, an expert witness can create no genuine issue of material fact regarding asbestos exposure by opining that a plaintiff was "likely" exposed to original asbestos or that "80% or the 'overwhelming majority' of original [asbestos] remained during the plaintiff's work." *Id*.

Here, Lockheed argues that, as matter of law, plaintiff can show no exposure to any asbestos Lockheed originally installed on the Trenton because plaintiff has produced no witness with personal knowledge to that effect. *Id*. Specifically, Lockheed argues that, without personal knowledge, plaintiff's expert opinion of Captain Francis Burger that Mr. McCrossin was exposed to original asbestos creates no genuine issue of material fact. *Id*. Captain Burger, Lockheed alleges, declared that Mr. McCrossin was "likely" exposed to original asbestos and that the amount of asbestos replaced between the Trenton's construction and Mr. McCrossin's alleged exposure "pales in comparison" to the original amount. *Id*. Such testimony, Lockheed argues, is indistinguishable from the "more likely than not," "80 percent," and "the overwhelming majority" testimony, which Judge Robreno "all deemed impermissible

1 speculation." *Id*. Accordingly, Lockheed argues that this Court should reconsider this Court's
2 order and dismiss all plaintiff's claims against Lockheed. *Id*.

3 DISCUSSION

4    a. *Causation framework in asbestos action under maritime law*

5       Under maritime law in an asbestos action, the Ninth Circuit has not addressed the
6 causation element. *Nelson v. Air & Liquid Sys. Corp.*, C14-0162JLR, 2014 WL 6982476, at
7 *10 (W.D.Wash. 2014) (citing *Cabasug v. Crane Co.*, 989 F. Supp. 2d 1027, 1033 (D. Haw.
8 2013)). Only the Sixth Circuit appears to have addressed this issue. *See Lindstrom v. A–C
9 Product Liability Trust,* 424 F.3d 488 (6th Cir.2005). But, in *Cabasug*, the district court found
10 that *Lindstrom* was consistent with the Ninth Circuit's guidance on tort law in the maritime
11 context. *Cabasug*, 989 F. Supp. 2d at 1037.

12       To establish causation under maritime law, the *Lindstrom* court held that a plaintiff
13 must show for each defendant that (1) the plaintiff was exposed to the defendant's product; and
14 (2) the product was a substantial factor in causing the injury the plaintiff suffered. *Lindstrom,*
15 424 F.3d at 492 (citing *Stark v. Armstrong World Indus., Inc.,* 21 F. App'x 371, 375 (6th
16 Cir.2001)). *See also Nelson*, 2014 WL 6982476, at *12. The *Lindstrom* court held that
17 "evidence of substantial exposure for a substantial period of time" can raise "the inference that
18 the product was a substantial factor in causing the injury. *Id*. Neither "minimal exposure" nor
19 "a mere showing that defendant's product was present somewhere at plaintiff's place of work"
20 is sufficient. *Id*.

21       In establishing causation, a plaintiff may rely upon direct evidence that a product to
22 which the plaintiff was exposed was a substantial factor in causing the plaintiff's injury
23 (*Lindstrom,* 424 F.3d at 493) or "circumstantial evidence of exposure" (*Stark*, 21 Fed. Appx. at
24 376). *See also Nelson*, 2014 WL 6982476, at *11 ("[p]laintiffs may raise a genuine issue of

material fact concerning exposure by presenting either direct or circumstantial evidence that Mr. Nelson worked on a particular defendant's asbestos-containing product (or near it while others worked on it) and that such work would create the conditions necessary for asbestos exposure") (citing *Cabasug*, 989 F. Supp. 2d at 1037-38).

In this case, Lockheed's motion for reconsideration lacks merit for at least two reasons: first, a plaintiff may prove causation with circumstantial evidence; and, second, Captain Burger stated in his declaration that he has personal knowledge of the relevant events.

> b. *Under maritime law, plaintiff may raise a genuine issue of material fact regarding asbestos exposure by presenting either direct or circumstantial evidence*

Assuming maritime law governs this case, a showing of a lack of any personal knowledge of an alleged asbestos exposure alone is insufficient to prevail on a summary judgment; a plaintiff may raise a genuine issue of material fact by either direct or circumstantial evidence of such an exposure.

Here, Lockheed urges this Court to follow Judge Robreno who allegedly established in at least five cases that, under maritime law, expert opinions about likely exposure to original asbestos, absent personal knowledge of such an exposure, are insufficient to show a link between the alleged injury and a defendant's particular asbestos-containing product. Dkt. 222, at 4-6 ("*Shelly*, *Taylor*, *Royal*, *Barnes*, and *Sweatt*"). In fact, however, in all five cases relied upon by Lockheed, Judge Robreno himself agreed that, in establishing causation for an asbestos claim under maritime law, a plaintiff may rely upon either direct or circumstantial evidence.[1]

---

[1] *Shelly v. Asbestos Corp. Ltd.*, 11-05597, 2014 WL 6736099, at *1 (E.D. Pa. 2014) ("[i]n establishing causation, a plaintiff may rely upon direct evidence (such as testimony of the plaintiff or decedent who experienced the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to

1    Moreover, all five cases are distinguishable. In all five cases, the plaintiffs relied on the

2 same expert, Mr. Charles Ay. In four of the five cases,[2] to establish that the materials in

3 question contained asbestos, the plaintiffs, aside from plaintiffs' own testimonies, relied on Mr.

4 Ay's testimony alone. *Shelly v. Asbestos Corp. Ltd.*, 11-05597, 2014 WL 6736099, at *1 (E.D.

5 Pa. 2014); *Taylor v. Foster Wheeler, LLC*, 10-03382, 2012 WL 3096656, at *1 (E.D. Pa.

6 2012); *Barnes v. Gen. Elec. Co.*, 09-00708, 2012 WL 2989136, at *1 (E.D. Pa. 2012); *Sweatt v.

7 Gen. Elec. Co.*, 11-03933, 2012 WL 7761559, at *1 (E.D. Pa. 2012).[3]

8    Here, plaintiff relies on more than just Captain Burger's testimony to show that Mr.

9 McCrossin was exposed to asbestos installed by Lockheed. First, plaintiff relies also on

10 Lockheed's own experts Captain Charles Wasson and Captain Wesley Hewitt whose

11 testimonies, taken together, purportedly show that 362,000 pounds of asbestos materials were

12 originally installed on the Trenton and that most of these materials remained on the Trenton

13 during the overhaul:

14    Q.    [D]o you have an opinion as to what proportion of the asbestos insulation installed on the [Trenton] at Lockheed was still in place at the time the [Trenton] entered
15          Brooklyn Naval Shipyard for its overhaul there?

---

17 the defendant's product for some length of time"); *See also Taylor v. Foster Wheeler, LLC*, 10-03382, 2012 WL 3096656, at *1 (E.D. Pa. 2012); *Royal v. Huntington Ingalls Inc.*, 11-04475,
18 2012 WL 7761558, at *1 (E.D. Pa. 2012); *Sweatt v. Gen. Elec. Co.*, 11-03933, 2012 WL 7761559, at *1 (E.D. Pa. 2012); *Barnes v. Gen. Elec. Co.*, 09-00708, 2012 WL 2989136, at *1
19 (E.D. Pa. 2012).
[2] In the fifth case, *Royal*, the plaintiff relied also on a medical expert that each and every
20 occupational exposure to asbestos was a substantial contributing factor in the development of Mr. Royal's decease. *Royal*, 2012 WL 7761558, at *1. The *Lindstrom* court specifically rejected
21 this kind of affidavit as insufficient to allow a plaintiff to defeat a summary judgment motion. *Lindstrom*, 424 F.3d at 493.
22 [3] In *Sweatt*, the plaintiff relied also on Mr. Henry Chun who appears to have had personal knowledge of the plaintiff's asbestos exposure; however, Judge Robreno chose not to consider
23 Mr. Chun's declaration in deciding the defendant's summary judgment motion because Judge Robreno had found that Mr. Chun's declaration was untimely, leaving the plaintiff with Mr. Ay's
24 testimony only. *Sweatt*, 2012 WL 7761559, at *1.

| | | |
|---|---|---|
| A. | | No. I can't give you a good number other than it's reasonable to say, most. The piece that's on the other side that was disturbed is going to be the ones that's disturbed over and over and over. |
| | | … |
| Q. | | Most of the insulation that was installed on the [Trenton] at Lockheed, in your opinion, was still in the mechanical areas at the time the [Trenton] entered the Brooklyn Naval Shipyard? |
| A. | | Most would still be there. |

Dkt. 203-1, at 92. Although Lockheed argues that this statement takes Captain Wasson's testimony out of context (Dkt. 222, at 4), Captain Wasson appears to have confirmed first that most original asbestos remained in place during the overhaul and then that most insulation installed on the Trenton remained in the Trenton's mechanical areas during the overhaul.

Second, plaintiff relies also on hygiene and medical experts, Mr. William Ewing and Dr. Carl Brodkin, respectively. They opined that Mr. McCrossin had "a significant exposure to asbestos" during the overhaul and that this exposure was a substantial factor in causing his mesothelioma. Dkt. 79, at 13; Dkt. 203-2, at 8, 10-11. *See Lindstrom*, 424 F.3d at 492 ("we have permitted evidence of substantial exposure for a substantial period of time to provide a basis for the inference that the product was a substantial factor in causing the injury"). Unlike in *Lindstrom*, where the court rejected the plaintiffs' expert's affidavit referencing no specific defendant or product but rather stating in a conclusory fashion that every asbestos exposure was a substantial factor in Lindstrom's illness, Dr. Brodkin noted in his declaration, among other things, "asbestos-containing boiler refractory material (cement & block insulation, turbine insulation (main propulsion turbines), pump insulation, valve flange gaskets and pipe covering insulation associated with the removal of these materials during [the overhaul] when Mr. McCrossin performed fire-watch as a Naval [personnelman]…" Dkt. 203-2, at 9-10. The

1  Court should conclude that this affidavit provides a basis for a causation finding as to

2  Lockheed, the party that built the Trenton.

3        Moreover, unlike Captain Burger who personally oversaw the Trenton's construction

4  and was involved with the subsequent developments, Mr. Ay's opinions were largely "based

5  upon [his] research and testing." *See*, e.g., *Barnes*, 2012 WL 2989136, at 1. In short, unlike

6  here, Judge Robreno had virtually no other evidence to consider in deciding whether the

7  plaintiffs in the five cases relied upon by Lockheed had produced sufficient evidence of

8  causation.

9        Finally, this Court has already concluded that plaintiff has produced sufficient evidence

10  that asbestos was originally installed in the precise location and equipment Mr. McCrossin

11  described working in and with. Dkt. 214, at 8. The Court should conclude that, viewed in the

12  light most favorable to plaintiff, as required on a motion for a summary judgment, plaintiff's

13  evidence, taken together, creates a reasonable inference that Mr. McCrossin was exposed to

14  asbestos originally installed on the Trenton by Lockheed. *See Nelson*, 2014 WL 6982476, at

15  *13 ("under *Lindstrom*, to survive summary judgment with respect to causation, [p]laintiffs

16  must present sufficient evidence to raise a reasonable inference that [the sailor] was exposed to

17  asbestos from a [defendant's product] while he served on board the [the ship]").

18        Accordingly, under maritime law, even if Captain Burger has no requisite personal

19  knowledge, plaintiff has produced sufficient evidence to defeat Lockheed's motion for a

20  summary judgment.

21      *c.  The record shows that, for the purposes of Lockheed's motion for a summary judgment,
        Captain Burger has the requisite personal knowledge*

22

23  Lockheed's motion for reconsideration lacks merit also because Captain Burger does

24  appear to have personal knowledge that Mr. McCrossin was exposed to asbestos originally

1   installed on the Trenton by Lockheed. *See* Dkt. 203, at 8. Specifically, in his declaration,

2   Captain Burger stated that his declaration was "based on personal knowledge" (Dkt. 203-3, at

3   2); that "[a]ll of [his] opinions herein are based on [his] experience, knowledge, research and

4   training…" (*Id.*, at 3); and that he personally oversaw the Trenton's construction and delivery

5   (Dkt. 203-3). Although Lockheed argues that the Trenton "underwent substantial repairs and

6   maintenance during the 4.5 years between construction by [Lockheed] and the [overhaul]" and

7   that plaintiff, therefore, can show no exposure to asbestos originally installed on the Trenton by

8   Lockheed, Captain Burger declared, based on personal knowledge, that "[a]lthough standard

9   maintenance probably resulted in some minor disturbances and replacement of asbestos-

10  materials prior to the [overhaul], the amount of asbestos potentially disturbed over that period

11  of time pales in comparison to the amount of asbestos-containing materials that were disturbed

12  during the [overhaul]." *Id.*, at 9.

13  In addition, Captain Burger declared, based on personal knowledge, that that "none of

14  the permanent insulation on the mud drum and main steam drum on the boilers or on the

15  turbines and turbo generators was replaced over this time frame…[s]uch work is not done

16  except in normal overhauls, and the first such overhaul was in the 1975 overhaul." *Id.*, at 9-10.

17  As stated, this Court has concluded that plaintiff has produced sufficient evidence that the

18  original asbestos was installed in the precise equipment Mr. McCrossin described working

19  with, including the boilers. Dkt. 214, at 8. In addition, in his deposition, Mr. McCrossin

20  specifically recalled that insulation was torn out from steam lines and that refractory was torn

21  out of boilers, a condition that, he claimed, exposed him to asbestos. Dkt. 202, at 2-3, 9.

22  Although Lockheed takes issue with Captain Burger's "use of the words 'most' and 'likely'

23  and 'pales in comparison,'" Captain Burger's declaration is purportedly based on personal

24  knowledge, which this Court has previously pointed out. Dkt. 214, at 12.

Accordingly, even if testimony based on personal knowledge were required under maritime law to defeat a summary judgment motion, the Court should conclude that plaintiff has satisfied this burden under the circumstances. The jury is entitled to consider and weigh both plaintiff's and Lockheed's evidence as to whether Mr. McCrossin was, in fact, exposed to asbestos originally installed by Lockheed.

## CONCLUSION

Viewing all evidence presented to the Court in the light most favorable to plaintiff, the Court should conclude that plaintiff has raised genuine issues of material fact as to whether Mr. McCrossin was exposed to asbestos Lockheed had originally installed on the Trenton. Accordingly, the Court should deny Lockheed's motion for reconsideration.

Therefore, it is hereby **ORDERED** that

Lockheed Shipbuilding Company's Motion for Reconsideration of Order Denying Motion for Summary Judgment (Dkt. 222) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of March, 2015.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 9